[Civ. No. 10097. First Appellate District, Division Two.—June 25, 1936.]

LILLIAN PITTLER, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. LILLIAN PITTLER, Appellant.

6

Almon Byron McCallum, Bernard B. Stimmel, Morris M. Grupp and Boyd Oliver for Appellant.

Louis Ferrari and Keyes & Erskine for Respondent.

STURTEVANT, J.—The Bank of America commenced an action in unlawful detainer against Lillian Pittler. The complaint was in the ordinary form. She answered the complaint and in her answer she pleaded many denials and set forth certain new matter as an equitable defense. She also commenced an action in specific performance and prayed that a conveyance of the property in controversy be ordered made to her. That complaint the Bank of America answered by pleading many denials. Later, on the motion of the Bank of America, the parties stipulated that the latter action be consolidated and tried with the former action. On March 13, 1934, the trial court made an order on the motion of the Bank of America that the equitable defense raised by the answer in the action first mentioned be tried by the court and that the issues at law be tried before a jury. The equitable defense so pleaded in the first action was, in legal effect, the same as the cause of action pleaded in the complaint in the second action, and was as follows:

"In this regard defendant alleges that on or about the 1st day of August, 1932, plaintiff and defendant entered into a certain oral contract and agreement wherein and whereby, and under the terms of which, plaintiff promised and agreed to transfer and convey the legal title to the property described and referred to in said complaint to the defendant, the description of the property referred to, which is situated in the City and County of San Francisco, State of California, is as follows: (describing property).

"On or about said 1st day of August, 1932, and pursuant to said agreement, defendant, with the consent and approval of the plaintiff, went into possession of the property hereinabove described and referred to, as the purchaser thereof,

and ever since has been and now is in possession of said property, pursuant to and in accordance with the terms of the said agreement of sale between plaintiff and defendant. Defendant has performed all of the terms and conditions of said contract and agreement on her part to be performed, and has done and performed all other things incumbent upon her to do and perform under the terms thereof, and defendant is ready, able and willing to continue to perform and carry out the terms and conditions of said agreement, and to do the things incumbent upon her to be done under the terms thereof.

"Defendant has made demand upon the plaintiff that plaintiff transfer and convey the above described property to plaintiff in accordance with the contract and agreement referred to and that the plaintiff otherwise perform its agreement. Said plaintiff has refused and still refuses to execute the necessary deed of conveyance to said property, and has refused and still refuses otherwise to carry out the said contract and agreement.

"Said contract and agreement of August 1st, 1932, was and is a fair, just and equitable contract between plaintiff and defendant, and the consideration to be paid by defendant to plaintiff in exchange for the premises was and is fair, reasonable and adequate.".

After the trial of the equitable issues the court made findings as follows:

"That there was no agreement between the plaintiff and defendant whereby plaintiff promised and agreed to transfer the legal title to the property described and referred to in the complaint to the defendant as alleged in paragraph III of said answer.

"That the defendant did not go into the possession of the property described in said complaint and said answer under the agreement alleged in paragraph III of said answer, and the possession of the property by the defendant was not referable to any such alleged agreement, and defendant has not been and is not now in possession of said property pursuant to and in accordance with the terms of the said alleged agreement.

"That the defendant did not perform all of the terms and conditions of said alleged agreement on her part to be per-

formed but failed to perform all the terms and conditions of the said alleged agreement.

"That the alleged agreement was and is not a fair and equitable contract between the plaintiff and defendant and that the alleged consideration to be paid by the defendant to the plaintiff in exchange for the said premises referred to in said complaint was and is not fair, reasonable or adequate."

Still later the issues of law were tried before the court sitting with a jury. The latter returned a verdict in favor of the Bank of America and on that verdict a judgment in favor of the bank was entered. In the action for specific performance the same findings were adopted and a judgment thereon was entered in favor of the Bank of America. From each judgment Lillian Pittler has appealed.

*Lillian Pittler* v. *Bank of America.*

Appellant contends that an oral contract to convey real estate, if partly performed, will be enforced by a court of equity when the alleged vendee brings himself within the rules of equity governing such transactions. The point is briefed with great care. However, we do not understand the Bank of America as contending to the contrary. Its contention is that in the instant case there was never an oral contract to convey.

The appellant quotes the last three paragraphs of the findings which we have set forth above, and contends that they are contradictory. We think such is not the fact. They are in direct response to the allegations contained in her complaint. In legal effect they are that there was no oral agreement; that if there was, it was not performed; and if there was, it was not fair and equitable. The court also found: "That the alleged agreement, was not and is not a fair and equitable contract between the plaintiff and defendant, and the alleged consideration to be paid by the plaintiff to the defendant in exchange for the said premises referred to in said complaint was not and is not fair, reasonable, or adequate." The appellant contends that said finding is not supported by the evidence. The appellant argues that there was no evidence introduced before the court below by the defendant to the effect that there was anything unfair, or inequitable concerning the contract, or that the consideration therefor was unfair, unreasonable, or inadequate. That

statement is not sufficient. The finding under attack was in response to affirmative allegations set forth in appellant's pleadings. The burden of proving those allegations rested on her. She introduced no proof regarding any one of the allegations. Assuming, as she contends, that the Bank of America did not do so, it follows that it may not be said the negative finding was not supported by the evidence.

*Bank of America* v. *Lillian Pittler.*

The appellant contends that the trial court erred in refusing to allow her to prove that she entered under an oral agreement to convey. But we see no error in that ruling. Whether she entered under an oral agreement to convey arose in the presentation of her equitable issues. When presenting those issues the appellant was allowed to introduce any evidence going to prove that she entered under an agreement to convey. (15 Cal. Jur. 337.) On that issue the trial court made findings against her. When it came to presenting issues of law, the subject-matter under discussion was not in issue and the trial court committed no error in refusing to hear such testimony.

Some objections to rulings on the admission or rejection of evidence are made by the appellant. The Bank of America offered, and there was received in evidence, the notices which it had served on the appellant. She now asserts that they do not coincide with the allegations of the complaint in the unlawful detainer suit. But, when they were offered in evidence no objection was made to them and it is now too late to object for the first time. Furthermore, we find no variance between the notices offered in evidence and the allegations of the bank's complaint.

The bank's theory of the case was that Miss Pittler was, before the service of the above-mentioned notices, its employee. As proof of such fact it offered a lot of canceled checks showing payments made to her. When the checks were mailed there was attached to each one a "salary" voucher. When received Miss Pittler separated the voucher from the check, retained the former and cashed the latter. When asked in open court for the vouchers her counsel stated his client did not preserve them. The attorney for the bank then offered carbon copies of the checks and vouchers as the originals were when mailed. The offer was admitted in evi-

dence. Under all of the foregoing facts we see no prejudicial error in the ruling.

We have thus taken up and discussed the several points made by the appellant in her opening brief. ▆ In her closing brief under certain headings the appellant contends that other findings were not sustained by the evidence. In this behalf we understand her to contend that the trier of the facts did not properly weigh the evidence. We do not understand her to contend that any single finding was not supported by at least some evidence, although such evidence might be conflicting. But, it is the settled rule that a finding may not be disturbed by a court of review if there is some evidence to support it, and here there was an abundance of evidence to support all of the findings.

The judgments appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 24, 1936.